IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR S. FOLK, | : | Civil No. 3:23-cv-71 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN J. SAGE, | : | |
| Respondent | : | |

FILED
SCRANTON
AUG 14 2023
PER _____
DEPUTY CLERK

## MEMORANDUM

Petitioner Omar S. Folk ("Folk") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his sentence entered in the United States District Court for the Middle District of Pennsylvania. (Doc. 1). For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

I.   **Background**

On October 19, 2011, a grand jury returned a three-count indictment charging Folk with drug trafficking and firearms offenses. *United States v. Folk*, No. 1:11-cr-292 (M.D. Pa.), Doc. 1. On July 11, 2012, a superseding indictment was returned charging Folk with distribution and possession with intent to distribute cocaine and 280 grams or more of cocaine base in violation of 21 U.S.C. § 841, two counts of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *Id.*, Doc. 44.

On August 14, 2012, a jury convicted Folk on all counts. *Id.*, Doc. 82. Shortly thereafter, he moved for a new trial or alternatively to vacate judgment. *Id.*, Doc. 87. The Court denied that post-trial motion. *Id.*, Doc. 90. Folk was found to be a career offender under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), and his resultant sentencing Guideline range was 420 months to life. (Presentence Investigation Report ("PSR") ¶¶ 29-31, 79). On September 26, 2013, the Court granted a significant downward variance and sentenced Folk to 264 months' imprisonment. *Folk*, No. 1:11-cr-292, Doc. 134 at 28-29, Doc. 126.

Folk appealed the denial of a motion for a mistrial made during trial, as well as the denial of his post-trial motion for a new trial. *Id.*, Doc. 127; *United States v. Folk*, 577 F. App'x 106, 106 (3d Cir. 2014) (nonprecedential). On September 17, 2014, the Third Circuit affirmed the judgment. *Folk*, 577 F. App'x at 107. The United States Supreme Court denied Folk's petition for a writ of certiorari on October 5, 2015. *Folk v. United States*, 136 S. Ct. 161 (2015) (mem).

Subsequently, Folk filed his first motion under 28 U.S.C. § 2255 based on the Supreme Court case of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding the residual clause of the Armed Career Criminal Act ("ACCA") unconstitutionally void for vagueness). *Folk*, No. 1:11-cr-292, Doc. 139. In February of 2018, the Court denied Folk's § 2255 motion in its entirety. *Id.*, Docs. 177, 178.

Folk subsequently filed eight additional motions, including three motions wherein the crux of Folk's argument was that he was inappropriately designated a career offender under the United States Sentencing Guidelines Manual and that counsel was ineffective in post-conviction proceedings. *Id.,* Doc. 192, p. 7. The Court ultimately found that Folk was properly classified as a career offender at sentencing and that counsel was not ineffective. *Id.,* Docs. 192, 193.

Folk then sought a certificate of appealability. The Third Circuit granted a certificate of appealability for one issue, his career offender designation. *See United States v. Folk*, 954 F.3d 597, 601 (3d Cir. 2020). While this appeal was pending, Folk moved to expand the certificate of appealability and to supplement his appeal. *See id.* He argued that his conviction for possession of 280 grams of cocaine base was invalid under *United States v. Rowe*, 919 F.3d 752, 759 (3d Cir. 2019) (holding that separate acts of distribution of controlled substances are distinct offenses rather than a continuing crime). *See id.* On April 3, 2020, the Third Circuit found that an incorrect career-offender designation under the advisory Sentencing Guidelines is not a cognizable claim under § 2255 and that the *Rowe* claim qualified as a second or subsequent § 2255 petition and, under that standard, did not warrant collateral relief. *Id.* at 601, 610.

On July 27, 2022, Folk filed in the Third Circuit a "Motion for an Order Authorizing the District Court to Consider a Successive or Second Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §§ 2244(b), 2255(h) by a Prisoner in Federal Custody."

3

(*See* 3d Cir., Case No. 22-2450, Doc. 1-1). The motion requested leave to file a successive § 2255 motion on the grounds that the Supreme Court's 2022 decision in *Kemp v. United States* "overrule[s] previous precedent ruling" by the Circuit and argued that "petitioner['s] direct appeal was October 5, 2015 and was not docket[ed] on Circuit Court or District Court under Supreme Court Rule 16 upon disposition [and] therefore any ruling previously is abrogated by *Kemp v. United States* ... under 60(b)(1) as Folk file[d] a timely 59(e) and 60(b) to correct mistake in law as my one year toll was 10-5-16." (*Id.* at 5). By Order dated September 26, 2022, the Third Circuit denied Folk's application. (3d Cir., Case No. 22-2450, Doc. 7). The Third Circuit found that Folk had not met the applicable standard under § 2255 to entitle him to relief and explained:

> [Folk] does not rely on newly discovered evidence, nor did the case he purports to rely on, *Kemp v. United States*, 142 S. Ct. 1856 (2022), announce a new rule of constitutional law that applies retroactively to cases on collateral review. Folk apparently seeks to challenge his career offender designation, but this Court has already ruled that such a claim is not cognizable in a motion under § 2255. *See United States v. Folk*, 954 F.3d 597, 601 (3d Cir. 2020). Therefore, to the extent that he seeks to raise the claim in a successive § 2255 motion, the claim is dismissed. To the extent that Folk wants to file a motion under Federal Rule of Civil Procedure 60(b) in the District Court, the application is denied as unnecessary because he does not need the Court's permission to file such a motion. In reaching this determination, we express no opinion as to the merits of any such motion or whether such a motion would be procedurally proper.

(*Id.*).

On April 22, 2022, Folk filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). He relies on the Supreme Court's decision in *New York State*

4

*Rifle & Pistol Association v. Bruen*, —— U.S. ——, 142 S. Ct. 2111 (2022), and asserts that he is actually innocent of counts two through four of the superseding indictment which charged him with firearms offenses. (*Id.*).

## II.   Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction, or the sentence imposed, are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255.[1] *See* 28 U.S.C. § 2255(e). The Third Circuit Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)).

Section 2255 provides in relevant part:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> ***

---

[1] Review of the substantive grounds Folk asserts belies any contention that his challenge is to anything other than the validity of his convictions under § 922(g) and § 924(c). (*See* Doc. 1). The relief he seeks is to "[d]ismiss Count 2-4 upon Folk['s] actual innocence," based on the allegedly unconstitutional convictions under § 922(g) and § 924(c). *Id.* at p. 8. That places his habeas petition squarely within the ambit of § 2255, not § 2241.

5

> (e) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
>
> \*\*\*
>
> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Subsection (e) is commonly referred to as the "saving clause."

The United States Supreme Court recently issued its decision in *Jones v. Hendrix*, 599 U.S. ——, 143 S. Ct. 1857, —— L.Ed.2d —— (June 22, 2023), which abrogated *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997)[2] and has significantly changed the landscape for petitioners, such as Folk, seeking to bring a § 2241 habeas petition. In *Jones*, the Supreme Court explained that the saving clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a

---

[2] *Dorsainvil* permitted federal prisoners to bring § 2241 habeas petitions in limited circumstances.

6

sentence." *Jones*, 143 S. Ct. at 1868. The saving clause does not, however, permit "an end-run around" the "two—and only two—conditions in which a second or successive § 2255 motion may proceed" as described in § 2255(h). *Id.* "The inability of a prisoner with a statutory claim to satisfy [the] conditions [of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id.* at 1869.

Here, Folk contends that, in light of the Supreme Court decision in *Bruen*, his convictions under 18 U.S.C. § 922(g) and § 924(c) are unlawful. Such a claim is now foreclosed by the Supreme Court's decision in *Jones*. Folk previously filed a § 2255 petition that was denied. Thus, under *Jones*, Folk cannot challenge his conviction and sentence with a § 2241 petition unless it fits within the parameters of § 2255(h). Folk's claim, which is based on the *Bruen* decision, is not subject to either of § 2255(h)'s exceptions to the "second or successive motion" bar: namely, Folk's claim is not based on "newly discovered evidence," nor "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).[3] Nor does Folk establish "unusual

---

[3] It is far from clear that *Bruen* recognized any new right at all, let alone a new right made retroactively applicable on collateral review. *Bruen* was not a criminal case, and it did not address the statutes under which Folk was convicted—18 U.S.C. § 922(g)(1) and § 924(c). *Bruen* also did not state that it recognized any new right. *Bruen* appears merely to have clarified the appropriate test for evaluating whether regulations on firearm possession are unconstitutional under the Second Amendment, and then applied that test to a non-criminal state law dealing with firearms licensing. At most, *Bruen* reiterated the proper constitutional analysis, set forth in *District of Columbia v. Heller*, 544 U.S. 570 (2008), and announced that state laws imposing discretionary licensing regimes violate the Second Amendment. See 142 S. Ct. at 2161 (Kavanaugh, J., concurring). Because the Second Amendment, as concurring justices noted, "allows a 'variety' of gun regulations," *id.* (quoting *Heller*, 554 U.S. at 636), *Bruen* cannot be taken as

7

circumstances" that render it "impossible or impracticable for [him] to seek relief from the sentencing court," so the saving clause does not permit Folk to pursue a § 2241 petition. *Jones*, 143 S. Ct. at 1868. Accordingly, Folk's petition must be dismissed.

## III. Conclusion

The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: August 14, 2023

---

a declaration that all gun restrictions—and specifically § 922(g)(1)—are unconstitutional. The Court thus concludes that *Bruen* did not announce any new rule that affects Folk's conviction.